THE PEOPLE OF THE STATE OF NEW YORK ex rel. Z. S. WESTBROOK, APPELLANT, v. THE BOARD OF SUPERVISORS OF MONTGOMERY COUNTY, RESPONDENTS.

*Duty of boards of supervisors to provide suitable accommodations for the surrogate — if an office is provided he cannot make the county liable for the rent of another one.*

The board of supervisors of Montgomery county provided a proper and convenient room and furniture for the use of the surrogate in the county court-house, at Fonda, and refused to provide one at Amsterdam, when requested so to do by the surrogate. Thereupon the latter made an order establishing the office at Amsterdam, and directed the sheriff to furnish a suitable office and furniture therefor at Amsterdam. Upon an application to compel the board of supervisors to pay the rent and expenses thereby incurred:

*Held,* that as the board had provided a proper office and furniture therefor, it could not be compelled to pay for any other.

APPEAL from an order, made at Special Term, denying the appellant's motion for a peremptory *mandamus* and other general relief against the respondents, the board of supervisors of Montgomery county, requiring them to audit and allow his claim for $132.50 paid by him for rent, fuel and lights for the surrogate's office at Amsterdam, Montgomery county, for the year 1884.

The appellant is, and for several years last past has been, the county judge and *ex-officio* surrogate of Montgomery county, residing at the village of Amsterdam in said county. The appellant established his general office at Amsterdam village, where the public business is transacted whenever presented by any one having business in the Surrogate's Court. The appellant has held, and holds, a regular Surrogate's Court at his office in Amsterdam on every

Saturday, and at the court-house in Fonda on every Monday, for the public convenience, and on any other days at his office in Amsterdam, whenever any business is presented.

It was claimed that the public convenience required that the surrogate should hold Surrogate's Courts at Amsterdam, not only for the convenience of the people of the towns of Amsterdam and Florida in transacting their business there, but for the purpose of lessening the business of the court so that the people of the other towns could have their business more speedily and better attended to at Fonda on Mondays. The surrogate, the appellant, so determined, and in December, 1883, presented the matter to the board of supervisors of Montgomery county, and they then refused to make any provision for accommodations for holding Surrogate's Courts at Amsterdam. Therefore, on January 1, 1884, the appellant duly made and entered an order establishing the surrogate's office at Amsterdam, and fixing times for holding the Surrogate's Courts at Amsterdam and Fonda for the public convenience, and requiring the sheriff of the county to provide suitable rooms, fuel and lights, for holding the Surrogate's Courts at Amsterdam, at an expense not exceeding $150 per year, inasmuch as the supervisors had neglected to make the proper provisions. The said sheriff, on January 2, 1884, made and delivered to the appellant a written order and authority for him to provide suitable rooms, fuel and lights, for holding such Surrogate's Courts at Amsterdam, at an expense of $112.50 for rent of rooms, and twenty dollars for fuel and lights for the same per year; total, $132.50.

In pursuance of said orders and authority the appellant procured a suitable room, which was appropriated and used for holding the Surrogate's Courts for the year 1884 at Amsterdam, and necessary fuel and lights therefor, and paid therefor the sum of $112.50 for rent, and twenty dollars for fuel and lights; total, $132.50. The appellant duly presented his claim for said sums, to wit, the total sum of $132.50, to the board of supervisors of Montgomery county in November, 1884, duly verified and certified for audit, and they duly considered the same and wholly rejected and disallowed the claim. The supervisors say, in answer to the claim and to sustain their action, that they provided suitable, proper and convenient rooms at Fonda, New York, where the surrogate ought to hold his courts and trans-

act his business, and that holding Surrogate's Courts at Amsterdam accommodates principally the people of the towns of Amsterdam and Florida; that the relator carried on his business as an attorney-at-law in the same rooms which he had rented to be used as a surrogate's office, and that the county ought not legally to be required to pay the expense thereof.

*Z. S. Westbrook*, for the appellant.

*H. Dunkel*, for the respondents.

BY THE COURT:

We are of the opinion that, by providing a proper and convenient room and furniture at Fonda for the use of the county judge and surrogate, in which to hold court, the supervisors had performed the duty imposed by section 31 of the Code. It is true, as urged by the relator, that by section 2505 the surrogate is required to execute the duties of his office at such other times and places within his county as the public convenience requires; that is, other times than those specified in that section, and other places than "his office," as the word is used in the previous part of the section. But we do not think this provision authorizes the surrogate to require the sheriff under section 31 to provide a room and furniture, when the supervisors have provided one room and furniture and have refused to provide another. On the other hand, it seems to us from the papers that under the circumstances it would be very proper for the supervisors, considering the public convenience, to provide the surrogate with a room for his office at Amsterdam as well as at Fonda. This, however, is a matter, as we deem it, for their decision, not for ours.

The order should be affirmed, without costs.

Present — LEARNED, P. J., and BOOKES, J.; LANDON, J., not acting.

Order affirmed, without costs.